# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

ISSAC P. JACKSON, )
                 Plaintiff, )
v. ) No. CIV 11-013-RAW-SPS
MIKE MULLIN, et al., )
                 Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss, plaintiff's motion for a preliminary injunction, and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint, the parties' motions, and their responses.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at the Earl A. Davis Community Work Center in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking compensatory and injunctive relief for alleged constitutional violations during his incarceration at Jess Dunn Correctional Center (JDCC) in Taft, Oklahoma. The defendants are Mike Mullin, JDCC Warden; Eugenia Sherron; JDCC Law Library Supervisor; and Terry Martin, JDCC Deputy Warden.[1]

The defendants have filed a motion to dismiss, alleging plaintiff has failed to state a claim under Fed. R. Civ. P 12(b)(6). To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949–50.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of the defendants' motion.

Plaintiff alleges he accumulated legal research on a DOC-provided computer disk approximately from March 16, 2010, to July 8, 2010. On or about July 6, 2010, Defendant Eugenia Sherron, the JDCC law library supervisor, discovered she had not approved plaintiff's research material, and she refused to allow him to purchase printouts of the information, as allowed by DOC policy. According to the attachments to the complaint, the disk apparently was confiscated because it contained non-legal information.

In Count I of his complaint, plaintiff asserts he was denied his right to free speech,

2

because neither Defendant Sherron nor Defendant Terry Martin are qualified to dictate what is presented to the courts.² It is difficult to ascertain with certainty how plaintiff considers this a First Amendment claim, but he elaborates in his response to the motion. He claims Defendant Sherron denied him access to the JDCC law library from July 6, 2010, until approximately July 28, 2010, which also effectively denied him access to assistance from inmate law clerks. Then, all three defendants permanently denied him approximately 188 hours of legal research information, presumably on the confiscated disk, concerning his post-conviction litigation. He contends this denial violated his First Amendment right to speak freely and petition the government.

> ... [I]mprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment. But at the same time the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere. . . . [C]ourts owe substantial deference to the professional judgment of prison administrators. And . . . restrictive prison regulations are permissible if they are reasonably related to legitimate penological interests, and are not an exaggerated response to such objectives.
>
> ... [F]our factors [are] relevant in determining the reasonableness of the regulation at issue. First, is there a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it? Second, are there alternative means of exercising the right that remain open to prison inmates? Third, what impact will accommodation of the asserted constitutional right . . . have on guards and other inmates, and on the allocation of prison resources generally? And, fourth, are ready alternatives for furthering the governmental interest available?

*Beard v. Banks*, 548 U.S. 521, 528-29 (2006) (quotations and citations omitted).

When a prison regulation is not at issue, but an inmate nonetheless claims his right to free speech has been violated, it can mean he is presenting a retaliation claim. It is well settled that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). But "an inmate is not inoculated from the normal conditions of

---

² Plaintiff alleges this is a Fifth Amendment claim, but it actually falls under the First Amendment.

3

confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Id.* Thus, to prevail on a claim for retaliation, a prisoner must show that, "but for" the retaliatory motive, the adverse action would not have taken place. *Id.* "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (citations omitted) (emphasis in original).

Here, the court finds plaintiff has failed to state a claim under the First Amendment. He has not identified a prison regulation at issue, and he has failed to show a causal relationship between his supposedly protected activity and his alleged punishment.

To the extent plaintiff's allegations could be construed as being a claim of denial of access to the courts, it still fails. To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Plaintiff does not make that assertion. Therefore, Count I of the complaint fails.

In Count II plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when he was denied assistance in retrieving the information on the disk and he was suspended from the law library. According to his response to the motion, the incident caused him mental anguish.

Under the Eighth Amendment, "[c]onditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions of confinement violate the prohibition against cruel and unusual punishment when "they result[] in unquestioned and serious deprivation of basic human needs." *Id.* "The Constitution, [however], 'does not mandate comfortable prisons' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)

4

(quoting *Rhodes*, 452 U.S. at 349, 347). Here, the court finds plaintiff's allegations do not state a claim under the Eighth Amendment, so Count II also fails.

Plaintiff asserts in Count III that he was denied due process and equal protection of the law, in violation of the Fifth Amendment, and he was denied his right of access to the courts. His only supporting allegation is his claim that the three defendants refused to assist in retrieving his legal information from the disk, in violation of DOC policy, thus denying him access to the courts. He argues in his response to the motion that he had committed many hours to his legal research, and when the disk was confiscated, Defendant Martin merely told him to start over. He also makes an unsupported assertion that his denial of the disk is not related to any legitimate penological security risk, and other inmates' requests to retrieve information on their disks are granted.

To state a valid due process claim, a plaintiff must allege the inadequacy or unavailability of a post-deprivation remedy. *Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989). Here, the court finds an adequate post-deprivation remedy existed, because plaintiff filed an inmate grievance concerning the confiscation of his disk. Because plaintiff has not alleged the lack of an adequate state remedy, he has failed to state a due process claim.

His equal protection claim also is meritless. To state a claim under the Equal Protection Clause, plaintiff must allege he was treated differently because of a suspect classification, or alternatively, that he was treated differently than those similarly situated, without regard to a legitimate penological purpose. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). He is not claiming he was treated differently because of any suspect classification. He, therefore, must (1) allege he was treated differently from other inmates, and (2) "allege facts sufficient to overcome a presumption of government rationality." *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995).

While plaintiff claims in his reply that other inmates are allowed to access information on their disks, he does not assert that the disks of those inmates had been confiscated. He

5

also does not allege facts sufficient to overcome the presumption of government rationality or facts suggesting the defendants' actions were not reasonably related to a legitimate penological purpose.

Regarding his claim of denial of access to the courts, the court addressed and denied that claim in Ground I. He has failed to demonstrate how the denial of the materials on the disk prejudiced his alleged post-conviction proceedings.

Plaintiff's also has requested that the court order the defendants to return his legal research material. "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, ___ U.S. ___, 130 S.Ct. 2743, 2761 (2010). To be entitled to injunctive relief, the movant must establish a violation of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976).

As discussed above, plaintiff has failed to show his constitutional rights were violated when his computer disk was confiscated or when his request for the legal files on the disk was denied. Therefore, an injunction cannot be granted.

Finally, plaintiff has filed a separate motion requesting a preliminary injunction. He alleges Defendant Sherron wrote an Incident Report on June 14, 2011, that claimed plaintiff had intimidated her by making threatening facial gestures and guttural sounds. He asserts the alleged incident never occurred, and Sherron was retaliating for this civil rights action. Plaintiff also claims he was escorted to Defendant Martin's office, where Martin told him not to go to the JDCC law library, and "anything [plaintiff] did to retaliate to this summons to his office he would take personally." Plaintiff requests the court to order his "separation from this JDCC administration," because he fears further retaliation.

Plaintiff has since been transferred to another facility, according to his notice of change of address [Docket #22]. Because plaintiff no longer is incarcerated at JDCC, the court finds this claim for injunctive relief is moot. *See Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (citing *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345 (10th Cir. 1994)). *See also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *White v. State*, 82 F.3d

364, 366 (10th Cir. 1996).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 27" day of March 2012.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

7